IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEPHANIE DIXON, | ) CIVIL NO. 16-00110 DKW-KJM |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION |
| | ) TO GRANT IN PART AND DENY IN |
| vs. | ) PART DEFENDANT'S BILL OF |
| | ) COSTS |
| STATE OF HAWAII, | ) |
| DEPARTMENT OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN
PART AND DENY IN PART DEFENDANT'S BILL OF COSTS

On May 29, 2018, Defendant State of Hawaii, Department of Education ("Defendant") filed its Bill of Costs.  ECF No. 74.  On June 1, 2018, Plaintiff Stephanie Dixon ("Plaintiff") filed her Objections to the Bill of Costs ("Objection").  ECF No. 75.

The Court elected to decide this matter without a hearing pursuant to Rule 7.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  After carefully reviewing the filings and the record in this case, the Court FINDS and RECOMMENDS that the district court GRANT IN PART and DENY IN PART Defendant's Bill of Costs.

BACKGROUND

This case arises out of Plaintiff's employment as a school counselor for Defendant.  On March 11, 2016, Plaintiff filed her original Complaint.  ECF No. 1.  On January 5, 2018, Plaintiff filed her Second Amended Complaint.  ECF No. 56.  The Court recites the following background facts from the district court's May 14, 2018 Order Granting Defendant State of Hawaii, Department of Education's Second Motion for Judgment on the Pleadings ("05/14/2018 Order").  ECF No. 72.

Plaintiff alleged that she is an African American woman and that the DOE treated her less favorably than a similarly situated white male employee when she was denied training opportunities, forced to share an office with another African American school counselor, and eventually moved to a smaller office.  Plaintiff also alleged that Defendant took no action when Plaintiff complained to her supervisors about the disparate treatment, and instead retaliated against Plaintiff when she reported an assault by a parent of one of the students Plaintiff counseled.  Plaintiff's Second Amended Complaint asserted claims against Defendant for discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII").

On January 11, 2018, Defendant filed its Second Motion for Judgment on the Pleadings, seeking dismissal of all claims in Plaintiff's Second Amended Complaint ("MJOP").  ECF No. 62.  Pursuant to the 05/14/2018 Order, the district

court granted Defendant's MJOP and directed the Clerk's Office to close the case. ECF No. 72. The Clerk of Court subsequently entered judgment in favor of Defendant on May 14, 2018. ECF No. 73.

Defendant timely filed its Bill of Costs on May 29, 2018. ECF No. 74. Defendant's Bill of Costs includes a supporting declaration from its counsel, William M. Levins, Esq. ("Levins Declaration"). ECF No. 74-3.

## DISCUSSION

A.   Defendant's Bill of Costs

Defendant requests $2,237.98 in costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP"). *See* ECF No. 74; ECF No. 74-2 at 3. FRCP Rule 54(d)(1) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Thus, pursuant to FRCP Rule 54(d), courts have discretion to award costs to the prevailing party. *See Yasui v. Maui Elec. Co.*, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).

Indeed, "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Id.* "The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, [the appellate court] will assume it acted based on that

presumption." *Quan v. Comput. Scis. Corp.*, 623 F.3d 870, 888 (9th Cir. 2010) (brackets added) (citations omitted). "To overcome this presumption, a losing party must establish a reason to deny costs." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

While courts have discretion to award costs pursuant to Rule 54(d), "courts may only tax those costs defined in 28 U.S.C. § 1920." *Yasui*, 78 F. Supp. 2d at 1126 (other citations omitted) (citing *Aflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 176 (9th Cir. 1990)) (providing that § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)). Section 1920 enumerates costs taxable to the prevailing party:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendant's Bill of Costs seeks reimbursement for service of subpoenas, transcripts, and copying costs. The Court addresses Defendant's specific requests and Plaintiff's objection to such requests in turn.

1.   Service of Subpoenas

Defendant requests $104.00 for service of two subpoenas on Plaintiff's health care providers, which includes a mileage fee of $18.00. *See* ECF No. 74-2 at 3; ECF No. 74-4. Defendant served the two subpoenas at issue to Scott Miscovich, M.D. ("Dr. Miscovich"), and Mary C. Horn, Psy. D. ("Dr. Horn"). *See* ECF No. 74-4. Section 1921(1) allows recovery for "[f]ees of the clerk and marshal[.]" 28 U.S.C. § 1921(1). Pursuant to Local Rule 54.2(f), "[f]ees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred." LR54.2(d)(f)(1).

The Levins Declaration states that "Defendant reasonably required and actually incurred $104.00 in fees for the service of subpoenas, as more fully set out in the Bill of Costs and attached Itemization of Costs and invoices." ECF No. 74-3 at ¶ 5. Contrary to this statement, neither the Bill of Costs nor any of the supporting documents attached thereto explains the purpose for the subpoenas to Dr. Miscovich and Dr. Horn. In her Initial Disclosures, however, Plaintiff identified Dr. Miscovich and Dr. Horn as potential witnesses with information

5

relevant to her claims in this case. *See* ECF No. 20 at 3. Thus, notwithstanding the conclusory nature of the statements in the Levins Declaration, the Court finds that such costs were indeed reasonably required. Accordingly, the Court recommends that the district court award Defendant $104.00 for service and mileage fees related to the subpoenas to Dr. Miscovich and Dr. Horn. *See* ECF No. 74-7.

    2.    Transcript Costs

Defendant requests $1,939.06 for deposition transcript costs. This amount consists of: (1) $789.43 for a stenographic original and one copy of Plaintiff's deposition transcript; and (2) $1,149.63 for a stenographic original and one copy of the transcript for what appears to be Dr. Miscovich and Dr. Horn's joint deposition upon written interrogatories regarding Plaintiff's medical records. *See* ECF Nos. 74-5, 74-6.

Local Rule 54.2 limits an award for transcript fees to the "cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case . . . ." LR54.2(f)(2). In addition, Local Rule 54.2 provides that "[a] deposition need not be introduced at trial, so long as, at the time it was taken, it could reasonably have been expected that the deposition would be used for trial preparation, rather than mere discovery." *Id.*

Plaintiff does not specifically object to Defendant's request for costs of Plaintiff's deposition transcript. In addition, the Court finds that Defendant could

have reasonably expected that Plaintiff's deposition transcript would be used for trial preparation at the time it was taken. Accordingly, the Court recommends that the district court award Defendant $789.43 for Plaintiff's deposition transcript.

Regarding Dr. Miscovich and Dr. Horn's deposition, Defendant asserts that the transcript was "necessarily obtained for use in this case [for] Dixon's medical records produced pursuant to deposition upon written interrogatories . . . ." ECF No. 74-2 at 4. The Court finds that, without more, Defendant's conclusory statement fails to establish that this deposition transcript was reasonably expected to be used for trial preparation, and not mere discovery. *See* LR54.2(f)(2). The Court thus recommends that the district court deny Defendant's request for $1,149.63 for Dr. Miscovich and Dr. Horn's deposition transcript. *See Rodriguez v. Gen. Dynamics Armament & Tech. Prods., Inc.*, 775 F. Supp. 2d 1217, 1223 (D. Haw. 2011) (holding that the defendant's "unsupported and conclusory explanation" that the depositions were necessary was insufficient to support an award of costs).

Based on the foregoing, the Court recommends that the district court award Defendant $789.43 total for transcript costs.[1]

---

[1] This amount includes $753.90 for a stenographic original and one copy of Plaintiff's deposition, plus $35.53 for GET. *See* ECF No. 74-6.

3.     Copying Costs

Defendant requests $194.92 for copying costs.  Of this amount, $44.92 is for copies of documents produced during discovery and $150.00 is for copies of Plaintiff's medical records.  *See* ECF Nos. 74-7, 74-8.  Copying and printing costs are taxable under § 1920.  *See* 28 U.S.C. § 1920(3), (4).  Local Rule 54.2(f) provides, in relevant part: "The cost of copies necessarily obtained for use in the case is taxable, provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied."  LR54.2(f)(4).

First, Defendant requests $44.92 for costs to copy documents Plaintiff produced in response to Defendant's discovery request.  *See* ECF No. 74-3 at ¶ 8.  Plaintiff objects to this request, arguing that Defendant is not entitled to recovery for this cost because the Bill of Costs lacks the information required under the Local Rules.  *See* ECF No. 75 at 3.  More specifically, Plaintiff asserts that the Levins Declaration fails to describe "the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied."  LR54.2(f)(4).

Plaintiff is correct that the Levins Declaration does not specify the number of pages copied or the cost per page associated with this request.  Defendant attaches to the Levins Declaration, however, a copy the invoice from the

commercial copier, which indicates that 429 sheets were copied at $0.10 per page. *See* ECF No. 74-7. The Levins Declaration states that the $44.92 incurred was for "cost of copies necessarily obtained for documents [Plaintiff] provided in response to Defendant's First Request for Production of Documents[.]" ECF No. 74-3 at ¶ 8. Although the Court would have benefited from more detail to support Defendant's request, given the presumption in favor of awarding costs, the Court finds the Levins Declaration's statement sufficient to show what documents were copied and the use or intended purpose for such copies.

Based on the foregoing, the Court finds that Defendant's request for $44.92 to copy documents produced by Plaintiff during discovery is reasonable. *See* LR54.2(f)(4) ("[T]he practice of this court is to allow taxation of copies at $.15 per page . . . ."). Accordingly, the Court recommends that the district court award Defendant $44.92.

Second, Defendant requests $150.00 for costs to copy Plaintiff's medical records from Dr. Horn. *See* ECF No. 74-8. Plaintiff also objects to this request on the ground that Defendant fails to provide the information required under Local Rule 54.2. *See* ECF No. 75 at 3. Plaintiff thus contends that Defendant is not entitled to recovery for this cost. The Court agrees.

The Bill of Costs includes as an exhibit a copy of the invoice from Dr. Horn's office ("Horn Invoice"). ECF No. 74-8. Neither the Bill of Costs nor

the Horn Invoice specifies the number of pages copied or the cost per page. Rather, the Bill of Costs states: "Defendant also incurred actual costs for copies [of Plaintiff's] medical records in the amount of $150.00." ECF No. 74-2 at 4. The Horn Invoice simply states: "Flat FEE for Records Preparation: $150.00." ECF No. 74-8.

Local Rule 54.2(f)(4) states: "[T]he practice of this court is to allow taxation of copies at $.15 per page *or the actual cost charged by commercial copies, provided such charges are reasonable*." LR54.2(f)(4) (emphasis added). Thus, pursuant to Local Rule 54.2(f)(4), Defendant may recover actual costs for commercial copies that exceed $0.15 per page, provided Defendant can establish that such charges are reasonable. The Court finds that Defendant fails to do so. The Bill of Costs is devoid of any information that would allow the Court to determine the reasonableness of the requested charges. Accordingly, the Court recommends that the district court deny Defendant's request for $150.00.

In sum, the Court recommends that the district court award Defendant $44.92 total for copying costs.[2]

B.  Plaintiff's Arguments Against an Award of Costs

Plaintiff emphasizes that the Court has discretion to deny costs and that "equity calls for Defendant to bear its own costs in this matter[.]" ECF No. 75

---

[2] This amount includes $42.90 for copying documents produced by Plaintiff in response to Defendant's discovery request (429 pages at $0.10 per page), plus $2.02 for GET. *See* ECF No. 74-7.

at 3. Notwithstanding the presumption of awarding a prevailing party its costs, the Ninth Circuit Court of Appeals has previously recognized the following as appropriate reasons to deny costs: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.* 743 F.3d 1236, 1247-48 (9th Cir. 2014) (citation omitted).

Plaintiff summarily argues that the Court should deny Defendant's Bill of Costs in its entirety because: (1) Plaintiff's income has dramatically declined; (2) an award of costs would deter plaintiffs in future similar actions; and (3) there is a great economic disparity between Plaintiff and Defendant. *See* ECF No. 75 at 2-3. Plaintiff also argues that the Court should deny costs because Plaintiff's claims were not without merit. *See id.* at 3. The Court addresses each of Plaintiff's arguments below.

1. Plaintiff's Limited Financial Resources

"Costs are properly denied when a plaintiff would be rendered indigent should she be forced to pay the amount assessed." *Escriba*, 743 F.3d at 1248 (internal quotation marks omitted); *Stanley*, 178 F.3d at 1079 ("Indigency is a factor that the district court may properly consider in deciding whether to award costs."). "The burden of proving financial hardship falls on the objecting party,

who must provide the court with sufficient documentation such as affidavits, statements of assets and income, and a schedule of expenses." *Rossi v. City of Chicago*, 790 F.3d 729 (7th Cir. 2015) (citing *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006)). In other words, to establish financial hardship to justify a denial of a prevailing party its entitlement to statutorily authorized costs, the objecting party must provide substantial documentation of his or her true inability to pay. *See Chapman v. Al Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000).

Plaintiff's Objection asserts that "Plaintiff has been surviving on workers' compensation benefits for the last several years, and, as such, her income has declined dramatically." ECF No. 75 at 3. Plaintiff fails, however, to provide any additional detail or attach any evidence regarding her finances to support this assertion. Indeed, there is nothing in the Objection to demonstrate financial hardship on the part of Plaintiff to justify a denial of Defendant's costs. *See Tsun v. WDI Intern., Inc.*, Civil No. 12-00051 LEK-KSC, 2013 WL 1901195, at *3 (D. Haw. April 19, 2013), *adopted in* 2013 WL 1901322 (D. Haw. May 6, 2013) ("The Court will not deprive Defendant of its entitlement to statutorily authorized costs as the prevailing party merely because Plaintiff asserts an unsupported claim of 'poverty[.]'"). The Court thus finds that Plaintiff's bare assertion regarding an alleged decline in her income is wholly insufficient to establish financial hardship for purposes of the Bill of Costs.

### 2. "Chilling Effect" on Future Similar Actions

Plaintiff contends that the Court should deny the Bill of Costs in its entirety because "plaintiffs should not be deterred from bringing these important cases." ECF No. 75 at 3. "The Ninth Circuit Court of Appeals has recognized that the imposition of high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation." *Marugame v. Johnson*, Civ. No. 11-00710 LEK-BMK, 2015 WL 456549, at *4 (D. Haw. Feb. 2, 2015) (citing *Stanley*, 178 F.3d at 1080). Here, however, the imposition of costs will not have a chilling effect on future Title VII litigants because the costs accumulated in this case after just over two years of unsuccessful litigation, are not unreasonably high. *Cf. id.* (concluding that award of $17,988.15 in favor of the defendants "after three years of unsuccessful litigation" was not unreasonably high so as to result in a chilling effect on future Title VII actions); *cf. also Honolulu Acad. of Arts v. Green*, CIVIL NO. 15-00355 DKW-KSC, 2016 WL 6836954, at *5 (D. Haw. Oct. 20, 2016) (awarding the defendant $5,317.52 for costs after over one year of litigation), *adopted by* 2016 WL 6836932 (D. Haw. Nov. 18, 2016); *Haldeman v. Golden*, Civ. No. 05-00810 DAE-KSC, 2010 WL 2176089, at *1, 4 (D. Haw. May 28, 2010) (taxing costs in the amount of $22,235.08 against plaintiffs after plaintiffs unsuccessfully litigated their case for nearly four and a half years).

While the Court recognizes that having to pay an award of costs may be financially burdensome, "[e]xposure to and liability for a defendant's costs is a risk assumed by plaintiffs in litigation." *Tsun,* 2013 WL 1901195, at *3. Thus, the Court finds that Plaintiff has not established that an award of costs in this case would have a chilling effect on future Title VII actions.

3.   Economic Disparity Between the Parties

Plaintiff also asserts that the Court should deny the Bill of Costs because there is "great economic disparity between Plaintiff and the State of Hawaii[.]" ECF No. 75 at 3. The Court does not disagree that a "great economic disparity" likely exists between the parties. The Court finds, however, that that this factor alone is insufficient to deny Defendant's Bill of Costs in this case.

4.   Whether Plaintiff's Claims Had Merit

Plaintiff's Objection asserts that, "though Plaintiff was unsuccessful in this case and is considering an appeal, her claims certainly had some merit in that the main reason for dismissal was the timeliness issue and the Court's refusal to view the 'untimely' incidents as part of a hostile environment." *Id.* at 3. Plaintiff, however, cites to no case law or other legal authority to support her assertion that the fact that a plaintiff's claims "had some merit" alone is a basis for denying a defendant's statutorily authorized costs. Even liberally construing Plaintiff's assertion as one focusing on the purported "closeness and difficulty" of the

timeliness issues in the case, the Court finds that Plaintiff fails to establish a basis to deny costs. "Without denying the importance of the issues in this case to Plaintiff personally or downplaying the difficulty of litigating employment discrimination cases, the issues raised in this case were neither particularly complex nor so close as to justify denying costs to the prevailing party." *Mulligan v. Yang*, Case No. CV 15-712 DDP (AJWx), 2017 WL 826909, at *2 (C. D. Cal. Mar. 2, 2017).

Based on the foregoing, the Court finds that Plaintiff fails to establish a basis to deny the Bill of Costs in its entirety.

## CONCLUSION

Based upon the foregoing, the Court FINDS and RECOMMENDS that the district court GRANT IN PART and DENY IN PART Defendant's Bill of Costs. Specifically, the Court RECOMMENDS that the district court tax costs in favor of Defendant as follows:

|     |                      |          |
|-----|----------------------|----------|
| (A) | Service of Subpoenas | $104.00  |
| (B) | Transcript Costs     | $789.43  |
| (C) | Copying Costs        | $44.92   |
|     | **TOTAL**            | **$938.35**[3] |

---

[3] This amount includes applicable GET to the extent Defendant requested GET in the Bill of Costs.

The Court RECOMMENDS that the district court deny Defendant's request for costs in all other respects.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawai'i, June 20, 2018.



      /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*Dixon v. State of Haw., Dep't. of Educ.*; CV 16-00110 DKW-KJM; Findings and Recommendation to Grant in Part and Deny in Part Defendant's Bill of Costs